UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROSEMARY E. LOZANO,

       Plaintiff,
  v.                                  Civil Action No. _____

NCO FINANCIAL SYSTEMS, INC.,      **JURY TRIAL DEMANDED**

       Defendant.
_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by an individual consumer for Defendants violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and in that the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Rosemary E. Lozano is a natural person residing in the City of Buffalo, County of Erie and State of New York, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant NCO Financial Systems, Inc. (hereinafter referred to as "NCO") is a corporation organized and existing under the laws of the State of Pennsylvania, and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6)

6. NCO regularly attempts to collect debts alleged to be due another.

7. The acts of the NCO alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

## IV.  FACTUAL ALLEGATIONS

8. That Plaintiff incurred a student loan obligation.  (Said obligation will hereinafter be referred to as "the subject debt").

9. That the subject debt was incurred for the services used solely for household, family and personal use.

10. That after Plaintiff defaulted on the subject debt.

11. That Plaintiff's student loan lender employed NCO to collect the subject debt.

12. That in January of 2007, Plaintiff and NCO agreed that Plaintiff would make six monthly payments of $225.00 to NCO to be applied to the balance due on the subject debt, and that said payments would be made by automatic debits to her checking account.

13. That NCO inadvertently neglected to make the April, 2007 debit from Plaintiff's checking account.  To rectify the error, NCO made two $225.00 debits to Plaintiff's checking account only three to five days apart in May of 2007.

14. That NCO did not request authorization from Plaintiff to make the two debits to her bank account in May of 2007, nor did they notify her in writing of their intention to make such debits prior to their doing so.

15. That upon realizing that NCO had failed to make the scheduled April debit withdrawal from her bank account, Plaintiff contacted Defendant by telephone. During said telephone conversation, Defendant assured Plaintiff that everything was fine and that she had nothing to worry about.  As such, Plaintiff was expecting only one debit to be made to her account by NCO in May of 2007.

16. That Plaintiff kept just enough funds in her checking account to pay for one $225.00 payment to NCO in May of 2007, and a number of other payments to other entities she had outstanding at that time.

17. That when NCO attempted to debit Plaintiff's checking account for the second payment in May of 2007, the check was returned for insufficient funds, and her account was assessed a $37.00 bank charge.

18. That NCO then attempted to resubmit the payment to Plaintiff's bank.  Again, the check was returned for insufficient funds, and her account was assessed a second $37.00 bank charge.

19. That the assessment of the bank charges described herein caused Plaintiff's bank account to have insufficient funds to pay the other checks she had outstanding at the time.  As a result, a number of said checks were returned for insufficient funds, resulting in Plaintiff being assessed with over $300.00 in bank charges.

20. That NCO refused to reimburse Plaintiff for all of the bank charges caused by their attempts to debit her checking account without her authorization.

21. That as a result of the actions of NCO as described in this Complaint, Plaintiff has suffered damages, including but not limited to, pecuniary loss, damage to her credit score and credit rating, and emotional distress.

## V.   CAUSE OF ACTION

22. Plaintiff repeats and re-alleges and incorporates by reference paragraphs 1 through 21 above.

23. That NCO's unauthorized attempts to debit Plaintiff's checking account were done in violation of in violation of 15 U.S.C.§1692e, 15 U.S.C.§1692e(10), 15 U.S.C.§1692f, 15 U.S.C.§1692f(2), and15 U.S.C.§1692f(4).

24. That as a result of the NCO's FDCPA violations, individually and in combination, Plaintiff suffered damages, including but not limited to pecuniary loss, damage to her credit score and credit rating, and emotional distress.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendant for:

   (a)  Actual damages;

   (b)  Statutory damages pursuant to 15 U.S.C. § 1692k.

   (c)  Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   (d)  For such other and further relief as may be just and proper.


Dated:  April 2, 2008

/s/Kenneth R. Hiller, Esq.
Kenneth R. Hiller, Esq.
Amanda R. Jordan, Esq.
The Law Office of Kenneth Hiller
*Attorneys for the Plaintiff*
2001 Niagara Falls Boulevard
Amherst, NY 14228
(716) 564-3288
Email: khiller@kennethhiller.com
          ajordan@kennethhiller.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

Rosemary E. Lozano, affirms that the following statements are true and correct under penalties of perjury:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated: April 2, 2008

/s/Rosemary E. Lozano  
Rosemary E. Lozano